# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:19CR00048 |
| v. ) | **OPINION** |
| ) | |
| **RUSSELL LOUIS GEYER,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Jason M. Scheff, Assistant United States Attorney, Roanoke, Virginia, for United States; Erin Trodden, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

The court considers whether to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (USSG). For the following reasons, the defendant's sentence will not be reduced.

I.

Russell Louis Geyer was sentenced on August 6, 2020, to a total term of imprisonment of 108 months following his conviction for contempt of court in violation of 18 U.S.C. § 401 (Count 1), bankruptcy fraud in violation of 18 U.S.C. § 157 (Count 1s), wire fraud in violation of 18 U.S.C. § 1343 (Count 2s), and aggravated identity theft in violation of 18 U.S.C. § 1028A (Count 3s). Mr. Geyer's guideline sentencing range was 33 to 41 months, plus a mandatory

minimum term of 24 months on Count 3s.  However, the court varied above the guidelines and sentenced Mr. Geyer to 108 months, consisting of six months as to Count 1, 12 months on Count 1s, 66 months on Count 2s, and 24 months on Count 3s, all to be served consecutively.  His projected release date is May 24, 2026.

## II.

The parties agree that under Amendment 821, the defendant is eligible for a reduction of his total sentence from 108 months to 93 months.  The government objects and asks the court to deny Mr. Geyer's request for a sentencing reduction.  The government argues that due to his criminal history and prior sex offense conviction, a sentence reduction is not merited.  The government also notes that a reduction in the guideline range does not justify reducing Mr. Geyer's sentence since the court varied significantly above the guidelines in his original sentence.  In turn, Mr. Geyer argues that his fraud offense was not so egregious as to preclude a reduction, as it did not involve an abuse of a position of trust, a vulnerable victim, or sophisticated means.  He also identifies childhood abuse and a history of mental illness as mitigating factors.  A reduced sentence of 93 months would still be more than twice the upper limit of Mr. Geyer's new guideline range.

## III.

Even where the defendant is deemed eligible for a reduced sentence under the Amendment, the court must still consider the applicable 18 U.S.C. § 3553(a)

factors. Mr. Geyer has a long criminal history. In 2001, while Mr. Geyer was 32, he was convicted of lewd and lascivious sexual battery of a girl who was between the ages of 12 and 15. This encounter produced a child. Mr. Geyer then attempted to cover up the fact that he was a registered sex offender, which culminated in him conning his wife out of $70,000. Subsequently, Mr. Geyer filed for bankruptcy and began defrauding his wife, his bankruptcy counsel, the creditor, and the bankruptcy court by telling increasingly elaborate lies. At one point it was falsely reported that Mr. Geyer had died. Presentence Investigation Report (PSR) ¶¶ 7–19. Mr. Geyer's presentation of false information to the bankruptcy court and failure to appear as required reflect his lack of respect for the law. PSR ¶ 26. Even though Mr. Geyer's original sentence varies well-above the guideline range, I find that it accounts for the gravity of his offenses and callousness toward his victims.

Considering the foregoing, I find that reduction of the defendant's sentence is not appropriate. A separate Order will be entered in accordance with this Opinion.

DATED: February 29, 2024

/s/ JAMES P. JONES
Senior United States District Judge